IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:19-cv-00804-SHR |
| v. ) ) | |
| MICHAEL A. SISK, DDS, LLC, d/b/a CAPITAL CITY DENTAL CARE, ) ) ) | (Honorable Sylvia H. Rambo) |
| Defendant. ) | |

## CONSENT DECREE

On May 10, 2019, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission" or "Plaintiff") brought this action under the Age Discrimination in Employment Act of 1967 ("ADEA") to correct unlawful terminations on the basis of age and to provide appropriate relief to Charging Parties Tami Halstead, Teri Doyle, Jennifer Smeal, Jennifer Venios, and Angela Smith (collectively "Charging Parties"), as well as to a class of similarly-situated individuals ("Claimants") who were also terminated because of their age. The parties desire to resolve this action without the time and expense of continued litigation and, as a result, have jointly formulated a plan to be embodied in a Consent Decree ("Decree") that will promote and effectuate the purposes of the ADEA.

This Decree shall not constitute an adjudication on the merits of the Commission's case and shall not be construed as an admission by Defendant of any discriminatory practice or of liability with respect to any Charging Party or Claimant, nor shall it constitute a waiver by the Commission of any contentions of discrimination.

The Court has examined this Decree and finds that it is reasonable, just, and in accordance with the Federal Rules of Civil Procedure and the ADEA.  Therefore, it is ORDERED, ADJUDGED, AND DECREED:

## Resolution of Claims

1. This Decree fully and completely resolves all issues, claims, and allegations raised in the Complaint filed by the Commission in this action ("the Complaint") against Defendant.

2. This Decree in no way affects the Commission's right to bring, process, or investigate any other pending or future charges of discrimination that may be filed against Defendant or to commence civil actions on any such charges as the Commission sees fit.

## Scope of Decree

3. This Decree shall apply to all three locations of Defendant's dental practice: 1) 3401 Hartzdale Dr., Suite 122, Camp Hill, PA 17011; 2) 4700 Union Deposit Rd., Suite: 210, Harrisburg, PA 17111; and 3) 8 Brookwood Ave. Suite B, Carlisle, PA 17015.

4. This Decree shall be in effect for a period of four (4) years from the date it is entered by the Court, or until all settlement payments are made by Defendant, whichever is earlier, but in no event shall this Consent Decree be in effect for less than two (2) years.  During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

## Monetary Relief

5. Defendant, its owner Dr. Michael A. Sisk, and/or its successors and assigns shall pay a total of $100,000 to settle the claims brought by the EEOC under the ADEA on behalf of Charging Parties and Claimants.  Defendant, its owner Dr. Michael A. Sisk, and/or its

successors and assigns will pay the total settlement amount over four years starting with a payment of $40,000 within 30 days of the Court's entry of the Consent Decree, followed by four annual payments of $15,000 each.  Each of the four annual payments are due by the first day of the month, 12, 24, 36, and 48 months after the Court's entry of the Consent Decree.  Defendant may pay any or all payments in advance of the listed due dates.  The EEOC will notify Defendant of the amounts each Charging Party and Claimant are to receive out of each payment, and Defendant has agreed to issue payment accordingly, in the manner set forth below.

6. Within thirty (30) days after entry of this Decree, Defendant shall issue to each Charging Party and Claimant the first of five settlement payment installments referenced in paragraph 5 above.  The first three settlement payment installments to each Charging Party/Claimant will cover lost wages, for which Defendant shall prepare and issue to each Charging Party/Claimant a W-2 IRS form for this monetary relief.  The last two settlement payment installments to each Charging Party/Claimant will cover liquidated damages, interest, and any other damages, for which Defendant shall prepare and issue to each Charging Party/Claimant a 1099 IRS form for this monetary relief.  Defendant agrees to send the checks and IRS forms directly to each Charging Party/Claimant, via certified mail, at the address provided by the EEOC's counsel of record, and agrees to provide a photocopy of the check and related correspondence to the EEOC's counsel of record at the same time that the documents are sent to the Charging Party/Claimant.

## Injunctive Relief

7. Defendant, its owner Dr. Michael A. Sisk, and its successors and assigns are hereby enjoined from engaging in age-based discrimination against any employee.  Such

discrimination violates the ADEA, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer –
> (1) ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . .

29 U.S.C. § 623(a)(1). Defendant, its owner Dr. Michael A. Sisk, and its successors and assigns are further enjoined from retaliating against any employee who complains of discrimination or harassment, as set forth in the following provision:

> It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment . . . because such individual . . . opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d).

**Anti-Discrimination Policy**

8. Within thirty (30) days from the date of entry of the Decree, Defendant will adopt and implement revised policies and procedures prohibiting discrimination in the workplace with a special emphasis on age-based discrimination, which also describe a complaint procedure for reporting discrimination and prohibit retaliation for reporting or opposing such discrimination, or for participating in any other way in any discrimination investigation. These policies and procedures will be agreed to with the EEOC prior to the filing of this Decree.

9. Within forty-five (45) days of the entry of this Decree, Defendant shall distribute the policy and complaint procedure to all employees at all three (3) locations of Defendant's dental practice. In addition, Defendant will distribute the policy and complaint procedure to any new employees within fourteen (14) days of hire. Defendant will also promptly

post the new policy and complaint procedure in each of its facilities in a manner easily visible to all employees and promptly forward to EEOC a copy of any amendments made to the policy or complaint procedure during the life of this Consent Decree.

### Training

10. Defendant shall conduct one live training session for all management and supervisory employees working at all three (3) locations of Defendant's dental practice. Such training will be at least two (2) hours in duration and provided by a third-party at the expense of Defendant, with format and content of the training subject to review by the Commission. The training should address the prohibitions under the ADEA which prohibit discrimination in hiring, discharge, and/or the terms and conditions of employment. The training must be completed within ninety (90) days of the entry of this Decree by a qualified trainer agreed to by the parties prior to the entry of the Decree. Defendant will also provide the training to all new management and supervisory employees within thirty (30) days of their hire or promotion. Training for new management and supervisory employees may be pre-recorded from one of the initial live training sessions. Defendant must maintain attendance lists identifying each management and supervisory official who attends each training session, and must forward a copy of the attendance sheets for all training sessions conducted during the life of this Consent Decree to the EEOC counsel of record, along with a current list of management employees, within fourteen (14) days of each training session.

11. Defendant shall also conduct at least one live training session for all non-management employees at all three locations of Defendant's dental practice. Such training will be at least one (1) hour in duration and provided by a third-party at the expense of Defendant,

with format and content of the training subject to review by the Commission. The training should address the prohibitions under the ADEA which prohibit discrimination in hiring, discharge, and/or the terms and conditions of employment. The training sessions will be completed within ninety (90) days of the entry of this Decree. Such training will be provided to all new non-management employees within sixty (60) days of their hire. Training for new non-management employees may be pre-recorded from the initial live sessions. Defendant must maintain attendance lists identifying each person who attends each training session, and must forward a copy of the attendance lists for all training sessions conducted during the life of this Consent Decree to the EEOC counsel of record, along with a copy of Defendant's current non-management employee roster, within fourteen (14) days of the completion of each training session.

12. Within sixty (60) days of the entry of this Decree, Defendant must submit copies of the third-party trainer's written materials and/or any presentation to be used for the above-described training sessions to the EEOC counsel of record.

## Posting

13. Defendant will post 8 ½ x 11 inch notices, attached as Attachment A, in places visually accessible to all employees at all three (3) locations of Defendant's dental practice. The notices will be signed by Defendant's representative and maintained for the duration of this Consent Decree. Within fourteen (14) business days of the posting, Defendant will provide the EEOC's counsel of record with certification that the posting has occurred.

## Monitoring

14. The EEOC has the right to monitor and review compliance with this Decree. Accordingly:

    a. Annually for the duration of this Decree, and one (1) month before the expiration of this Decree, Defendant must submit written proof via affidavit to the EEOC that it has complied with each of the requirements set forth above. Such proof must include, but need not be limited to, an affidavit by a person with knowledge establishing: (a) the completion of the training; (b) that the anti-discrimination policy has been distributed and remains posted in accordance with this Decree; and (c) that it has complied with the injunctions in paragraph 7.

    b. For the duration of this Decree, Defendant must create and maintain such records as are necessary to demonstrate its compliance with this Decree.

    c. Any report or notification to the EEOC required of Defendant under this Decree shall be sent to John Brubaker, Trial Attorney, Philadelphia District Office, 801 Market Street, Suite 1000, Philadelphia, PA 19107.

## Miscellaneous Provisions

15. Upon motion of the EEOC, the Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the EEOC shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have forty-five (45) days either to correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance, in writing. If the parties cannot in good faith resolve their dispute, the EEOC may file with the Court a motion to correct and remedy the breach of the Decree.

16. The Commission and Defendant shall bear their own costs and attorneys' fees.

17. The case shall be and hereby is dismissed with prejudice, subject to this Court's jurisdiction to enforce provisions of this Consent Decree.

18. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF:

 /s/Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney

 /s/Maria Luisa Morocco
MARIA LUISA MOROCCO
Supervisory Trial Attorney

 /s/John S. Brubaker
JOHN S. BRUBAKER
Trial Attorney
U.S. EEOC
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107
Phone: 267-589-9762
Fax: (215) 440-2805
john.brubaker@eeoc.gov
IL 6314685 (admitted *pro hac vice*)

FOR DEFENDANT:

 /s/Angela Quiles Nevarez (with consent)
Angela Quiles Nevarez
Jackson Lewis, PC
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
Angela.Nevarez@jacksonlewis.com
PA 321375

**SO ORDERED**

**Date:** June 22, 2020

**By:** s/Sylvia H. Rambo
**Sylvia H. Rambo**
**United States District Judge**

EXHIBIT A



**NOTICE POSTED PURSUANT TO A CONSENT DECREE IN**
***U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION* v.**
***MICHAEL A. SISK, DDS, LLC***
**CIVIL ACTION NO. 1:19-CV-00804-SHR**

This Notice is posted as part of the resolution of a lawsuit between the United States Equal Employment Opportunity Commission (EEOC) against Michael A. Sisk, DDS, LLC. Michael A. Sisk, DDS, LLC affirms its commitment to a workplace where all persons are free from illegal discrimination, including age discrimination, consistent with Michael A. Sisk, DDS, LLC's employment policies and requirements of federal law, including the Age Discrimination in Employment Act ("ADEA").

The ADEA prohibits failing to hire, discharging, or discriminating in any other way against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's age.

The ADEA also prohibits an employer from retaliating, coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of any right granted and protected by the ADEA. Michael A. Sisk, DDS, LLC is dedicated to upholding the law and will not discriminate or tolerate any discrimination against employees on any impermissible basis, including age.

The EEOC is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce the ADEA. If you have any questions about, or believe you have been subjected to, employment discrimination, you should contact your Office Manager or Dr. Michael A. Sisk. You may also contact your local EEOC field office. To locate the nearest field office, contact:

U.S. Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107
TEL: (267) 589-9700
TTY: 1 (800) 669-6820
www.eeoc.gov

This Notice must remain posted for the duration of the Consent Decree in the above-captioned action, and must not be altered, defaced, or covered by any other material.

Dated: _____          _____
                            Dr. Michael A. Sisk, DDS, Owner